Nash, J.
 

 Wc concur with his Honor in opinion, that the bill cannot be sustained. From no part of the propeedings do we learn, with distinctness, whether Mrs. Hill dissented from the will, nor is it at all important it should have been stated, except as it might have sustained the statement made by the testator, and assisted in elucidating his intentions. It is liot without some difficulty we have satisfied our own minds as to the true construction of the devise, to the four daughters, as to the time when it vests. It is a general rule, that gifts by will, to take effect at an indefinite period, will be considered as vested at the death of the testator. 2d Mad. Ch. 18. 11th, 489,
 
 Gaskell
 
 v. Harman, and if there be a
 
 *629
 
 devise in common, with a clause of survivorship, as in this case, the death of the testator is, in general, the era to which the survivorship refers.
 
 Cox
 
 v.
 
 Hogg, 2
 
 Dev. Eq. 121. This general rule, however, is subject to be controlled by the intentionof the testator, where it is already expressed in the will, but the court will not, upon doubtful expressions, depart from the rule.
 
 Gaskell
 
 v.
 
 Harman and Innes, Mitchell
 
 v. Mitchell, 6 Ves. 461. In this devise, there is no precise and definite period fixed by the words used, at which it shall take effect. And according to the rule cited, it vested in the four daughters, or to such of them as were alive at the death of the testator, but not to be enjoyed until the death of their mother, Mrs. Hill.— Is there any thing in the will to control this operation of the rule
 
 1
 
 Oh the contrary, do not the provisions of the devise show such to have been the intention of the testator
 
 1
 
 The words are, I give to my four daughters, (and to the survivors of them) in a parenthesis, to them apd their heirs, forever, (at the death of my wife), &c. The most that can be claimed, in behalf of the construction which the plaintiffs contend for is, that it is left
 
 uncertain
 
 to which period the testator intended to limit the vesting of the devise, whether to that of his own death, or to that of his wife; and we have seen, that doubtful and uncertain expressions, from which an intention can only be inferred, are not sufficient to set aside the general rule. But we think, from these expressions, it was the intention of the testator only to postpone the time when his bounty was to be enjoyed by the devisees. This construction is strengthened'by the fact, that it is only through this devise, the widow can claim a life estate in the Hailbron plantation, and thereby interpose her interest between the vesting and the enjoyment of the remainder of the daughters. Again : the testator gives to his four daughters,
 
 his
 
 house and lot on Market street, in Wilmington, and then-proceeds to say, that it was his wife’s property, and he had only a life estate in it, but that there was an understanding between them touching it, and expressing a confident trust that she would not object to the disposition, he had made of it. But he provides, if she
 
 should
 
 give the house
 
 *630
 
 lot in Wilmington to one of his sons, that then, the land which he had'devised to that son, should'be equally divided among his daughters, or the survivors of them. The devises to his sons of land are immediate; and it was evidently his intention, that, if his wife dissented from the will, and gave the house to either of the sons, the daughters should have the land given to that son, as the son himself would have had it, and the survivorship there mentioned is evidently confined to the time of his death. We take it for granted, as the bill is silent on the subject, that the widow did not dissent, but took under the will what was left her. We are therefore of opinion, that as all the daughters survived the testator, they all took a present vested interest, and upon the death of Mrs. Hardin, and Mrs. Mosely, their children succeeded to their respective shares : That they have an interest in the fund sought to be divided, and ought to have been parties to the bill.
 

 Per Curiam, The'demurrer is sustained, and the bill dismissed, and as we are satisfied, v that the bill was brought simply to ascertain to whom the property belonged, no costs are allowed to either party : each will pay his own costs.